STEELE *v.* THE STATE, on the complaint of GRAHAM.

An affidavit for surety of the peace alleged that the complainant verily believed and actually feared, &c., that *A. B.* would kill him, or do him great bodily injury, or procure others to do so, &c. *Held*, that the charge was bad for being in the alternative.

ERROR to the *Delaware* Circuit Court.

ROACHE, J.—*Graham* made complaint on oath, praying for surety of the peace against *Steele*.

The Circuit Court overruled a motion to quash the affidavit, and upon hearing the evidence, ordered *Steele* to enter into recognizance to keep the peace, &c.

The only question arising upon the record, is as to the sufficiency of the affidavit. The language of the affidavit, so far as it is necessary to quote it to present the point in dispute, is, that the " affiant verily believes and actually fears, and has just cause to fear and apprehend, that the said *Justin Steele* will kill him, said affiant, or do him great bodily injury, or procure others to do so," &c.

This mode of stating the charge violates the familiar rule, well established in civil as well as criminal proceed-

Nov. Term, 1853.

ings, that pleadings shall not be in the alternative.   1 Chitty Pl. 272.

The affidavit should have been quashed.

*Per Curiam.*—The judgment is reversed with costs.

*W. March*, for the plaintiff.

*D. Kilgore*, *R. A. Riley*, *N. B. Taylor* and *J. Coburn*, for the state.